NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

CASEY DAY, *Petitioner/Appellee,*

*v.*

ANDREAH WALLEART, *Respondent/Appellant.*

No. 1 CA-CV 20-0062 FC
FILED 10-15-2020

Appeal from the Superior Court in Mohave County
No. L8015DO201707346
The Honorable Steven C. Moss, Judge

**APPEAL STAYED AND REMANDED FOR LIMITED PURPOSE**

COUNSEL

Silk Law Office, Lake Havasu City
By Melinda Silk
*Counsel for Petitioner/Appellee*

Law Offices of Heather C. Wellborn P.C., Lake Havasu City
By Heather C. Wellborn, Alyssa N. Oubre
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge David D. Weinzweig joined.

---

**W I L L I A M S**, Judge:

**¶1**       Andreah Wallaert ("Mother") appeals the superior court's order denying her motion to relocate and modifying parenting time. Because the court did not determine whether Casey Day ("Father") had good cause for his failure to timely object to Mother's notice of her intent to relocate, this appeal is stayed and the matter remanded to allow the superior court to make a finding on that issue.

**¶2**       Mother and Father divorced in 2018 and have one minor child together. At the time of the dissolution, the superior court adopted the parties' agreement that they would share joint legal decision-making authority and Father would have parenting time with the child three nights per week.

**¶3**       In July 2019, Mother sent notice to Father, via certified mail, that she intended to relocate with the child to California. The notice was delivered to Father's residence on July 5, 2019 and Mother received the signed certified mail receipt from the postal service. Father denied that he signed the certified mail receipt and testified that he first saw Mother's notice sometime between July 7th and 9th when he found it in his mailbox.[1] Father did not object to the relocation until August 8, 2019 when he filed a motion to prevent relocation.

**¶4**       After an evidentiary hearing on Father's motion, the court ruled that Mother could not relocate with the minor child because it was not in the child's best interests. Mother timely appealed. This court has jurisdiction pursuant to A.R.S. § 12-2101(A)(2).

**¶5**       A.R.S. § 25-408(A) requires a parent who shares joint legal decision-making authority or parenting time of a minor child to notify the

---

[1] The superior court found that the signature on the certified mail receipt was not Father's.

other parent in writing at least 45 days before moving with the child outside of the state or more than 100 miles within the state. The notice must be made by "certified mail, return receipt requested, <u>or</u> pursuant to the Arizona rules of family law procedure." A.R.S. § 25-408(B) (emphasis added). The non-moving parent must petition the court within 30 days after notice to prevent relocation; if no petition is filed within 30 days, the court may grant a petition to prevent relocation "only on a showing of good cause." A.R.S. § 25-408(C).

**¶6** Because Father's objection was not filed within 30 days after service of Mother's notice, the superior court could not grant Father's motion to prevent relocation unless it first found that he had good cause for filing it late. A.R.S. § 25-408(C). The court ruled, however, that Mother had improperly served her notice because she did not send it via restricted delivery and concluded that the 30-day period for Father to object never commenced. The superior court determined that Father's objection was not untimely. Therefore, the court did not require Father to show, and did not make a finding, that he had good cause for the late objection.

**¶7** In ruling that Mother did not properly serve her notice, the court referred to Arizona Rule of Family Law Procedure ("Family Rule") 41(d)(1), which requires service by mail to be "restricted delivery to the person and requires a receipt signed by the addressee." The applicable statute, however, only required Mother to serve the notice via certified mail, return receipt requested, <u>or</u> in compliance with Family Rule 41. A.R.S. § 25-408(B). Mother satisfied the statute by mailing her notice by certified mail and requesting a return receipt. The superior court erred by ruling that Mother did not properly serve her notice under A.R.S. § 25-408 and by failing to make a finding regarding whether Father had good cause for filing his objection more than 30 days after Mother served her notice.

**¶8** An appellate court may "suspend an appeal and revest jurisdiction in the superior court to allow the superior court to consider and determine specified matters." ARCAP 3(b). Accordingly, this appeal is stayed for 45 days and jurisdiction is revested in the superior court to allow that court to make specific findings regarding whether Father had good cause for his untimely objection to Mother's notice of her intent to relocate. The Clerk of the Court is directed to provide notification of this decision to the parties involved as well as the Honorable Steven C. Moss. Mother's counsel shall provide a copy of the superior court's decision to this court within five days of its entry.

Upon receipt of the same, the stay shall be lifted, and the matter will proceed forward.



AMY M. WOOD • Clerk of the Court
FILED:     AA